Date signed March 09, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| N RE: | : | |
| | : | |
| BETTINA XAVIER PLAUGER | : | Case No. 09-33032PM |
| a/k/a BETTINA GREGG | : | Chapter 13 |
| | : | |
| Debtor | : | |

### MEMORANDUM OF DECISION

Debtor's counsel, Sari Karson Kurland, filed an untimely Motion on January 13, 2010, seeking reconsideration of this court's Order entered December 29, 2009, directing that counsel refund to Debtor all fees collected in this matter. Despite the untimeliness of the Motion, the court will grant counsel limited relief from the Order.

This bankruptcy case under Chapter 13 was filed on November 25, 2009. Federal Rule of Bankruptcy Procedure 2016(b) mandates that an attorney for the debtor file and transmit to the United States Trustee, within 14 days after the Order for relief or such other time as the court may direct, a statement of the compensation paid or agreed to be paid, as required by § 329 of the Bankruptcy Code. Under Local Bankruptcy Rule 2016-1(b), which has been in effect for more than 15 years, an attorney is directed to file the Rule 2016(b) Disclosure Statement with the petition. On December 9, 2009, the court entered an Order directing counsel to comply with Local Bankruptcy Rule 2016-1(b) within 14 days of the date thereof, "failing which counsel shall return all compensation collected." Despite the Federal Rule, the Local Rule, and the court Order, counsel did not file a Rule 2016(b) Disclosure Statement. Consequently, on December

29, 2009, this court entered an Order directing counsel to refund all fees to the Debtor. Counsel's instant Motion followed.

As noted in the case of *Halbert v. Yousif*, 225 B.R. 336, 352 (E.D. Mich. 1998), the primary purpose for the required disclosure of fees under 11 U.S.C. § 329(a) and F. Rule Civ. P. 2016(b) is to provide the Bankruptcy Court "with sufficient statutory authority to supervise all financial arrangements between a debtor and its counsel and to make certain that attorneys do not take advantage of a client's desperate circumstances by seeking unreasonable compensation amounts which could be detrimental to the bankruptcy estate." Bankruptcy Courts have an ongoing duty to monitor compensation of counsel, particularly because of, as described above, the desperate circumstances of the debtors.

Counsel's tardily filed Rule 2016(b) Statement reflects her acceptance of a retainer of $2,500.00 and of a total fee of $4,500.00 for the representation of the Debtor in this matter. While it is premature at this time to ascertain what, if any, fee counsel is entitled to, the court will pass an Order directing counsel to forward the sum of $1,000.00 to the Chapter 13 Trustee to be applied to the Debtor's Chapter 13 Plan payments and will limit future compensation to $1,000.00.

An appropriate order will be entered.

cc:
Sari K. Kurland, 211 Jersey Lane, Rockville, MD 20850
Bettina X. Plauger, 106 Bachtell Circle, Smithburg, Md 21783
Merrill Cohen, Trustee, 7910 Woodmong Avenue, Suite 1103, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**